IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEBRA CHRIST-SHOY,                    :
                                      :
        Plaintiff,                    :
                                      :
    v.                                : Civil Action No. 08-124-JJF
                                      :
GOVERNMENT, CONGRESS, and             :
WAR DEPARTMENT,                       :
                                      :
    Defendants.                       :

---

Debra Christ-Shoy, Pro se Plaintiff, Newark, Delaware

---

**MEMORANDUM OPINION**

April 29, 2008
Wilmington, Delaware

**Farnan, District Judge**

Plaintiff Debra Christ-Shoy ("Plaintiff"), filed this action on March 3, 2008. (D.I. 2.) She appears <u>pro se</u> and has filed an Application To Proceed Without Prepayment Of Fees and it will be granted by the Court. (D.I. 1.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and will deny as moot Plaintiff's Emergency Motion For Protective Order. (D.I. 4.)

## I. BACKGROUND

Plaintiff alleges that Defendants violated her rights under the constitution when the "War Department put cancer on [her] body and other things." She alleges that her life is in danger and that she needs protection and emergency relief from the attacks by the Government and War Department. Plaintiff further alleges that she was discriminated against on the basis of her race, color, sex, and religion.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," <u>Neitzke</u>

v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Fantastical or delusional claims that are clearly baseless are insufficient to withstand the court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).

In performing the Court's screening function under § 1915(e)(2)(B), it applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations,

however, "a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Phillips v. County of Allegheny, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id.

Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be

4

held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

The Complaint does not contain a cognizable claim for relief. Plaintiff's allegations are clearly baseless and fail to establish that she has been deprived of a constitutionally or federally protected right by any of the named defendants. Moreover, it is well established that an action against the United States, which includes Defendants Government, Congress, and the War Department, cannot be maintained unless the United States waives its sovereign immunity. United States v. Mitchell (I), 445 U.S. 535, 538 (1980). Accordingly, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915e(2)(b).

## IV. CONCLUSION

Based upon the foregoing analysis, the Court will grant Plaintiff's Application To Proceed Without Prepayment Of Fees. (D.I. 1.) The Complaint will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). The Court will deny as moot the Emergency Motion

For Protective Order. (D.I. 4.) An appropriate Order will be entered.